DADA, Respondent, v. CITY OF SYRACUSE, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 12, 1897.) Action by Jennie M. Dada against the city of Syracuse. No opinion. Judgment and order affirmed, with costs.

In re DALY. (Supreme Court, Appellate Division, Second Department. June 22, 1897.) In the matter of the application of Raleigh A. Daly for admission to practice as an attorney at law of the state of New York. No opinion. Application granted, and applicant may take the oath at the opening of the court on any day.

In re DARRAGH. (Supreme Court, Appellate Division, First Department. June 25, 1897.) In the matter of Robert L. Darragh. No opinion. Motion granted, with $10 costs. See 44 N. Y. Supp. 1114.

DAY, Respondent, v. CITY OF DUNKIRK et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. June 12, 1897.) Action by Ralph B. Day against the city of Dunkirk and others. No opinion. Motion granted. Order settled and filed with the clerk:

DELANY, Respondent, v. UNION FERRY CO. OF NEW YORK AND BROOKLYN, Appellant. (Supreme Court, Appellate Division, Second Department. June 15, 1897.) Action by John Q. Delany against the Union Ferry Company of New York and Brooklyn. No opinion. Order affirmed, with $10 costs and disbursements.

DE NOYLLES, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by Annie De Noylles against the Metropolitan Street-Railway Company. No opinion. Order affirmed, with $10 costs and disbursements to abide event.

In re DENTON'S WILL. (Supreme Court, Appellate Division, Fourth Department. June 12, 1897.) In the matter of proving the will of Nehemiah Denton, deceased. No opinion. Decree affirmed, with costs to appellants, respondents, and guardian, payable out of the estate.

DEPEW et al., Respondents, v. BEAKES, Sheriff, Appellant. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by Edward D. Depew and others against Adam W. Beakes, sheriff of Orange county. No opinion. Motion for reargument denied. See 44 N. Y. Supp. 774.

DESORIS POND CO., Respondent, v. SOUTHARD et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by the Desoris Pond Company against Herbert Southard and others. No opinion. Order reversed, with $10 costs and disbursements, as to the appellant the town of Oyster Bay, and motion granted, with $10 costs, with leave to the plaintiff to discontinue as to said defendant, on payment of costs. On the appeal of the other appellants, order affirmed, with $10 costs and disbursements.

DILG, Appellant, v. KUPPER, Respondent. (City Court of New York, General Term. May 29, 1897.) Action by Christian Dilg against Fritz Kupper. H. A. Sperry, for appellant. A. P. Wagener, for respondent. No opinion. Judgment appealed from affirmed, with costs.

DILLON et al. v. BLEIER. (Supreme Court, Appellate Division, First Department. June 18, 1897.) Action by Philip Dillon and others against Benjamin Bleier. No opinion. Motion granted, with $10 costs.

DONNELLY, Respondent, v. VILLAGE OF SANDY HILL, Appellant. (Supreme Court, Appellate Division, Third Department. May 25, 1897.) Action by Rose C. Donnelly against the village of Sandy Hill. No opinion. Judgment and order affirmed, with costs.

In re DRIGGS. (Supreme Court, Appellate Division, Second Department. June 15, 1897.) In the matter of the application of Edmund F. Driggs for admission to practice. No opinion. Application granted, and applicant may take the oath at the opening of the court on any day.

DUNN et al., Respondents, v. TRAVIS et al., Appellants. (Supreme Court, Appellate Division, First Department. May 7, 1897.) Action by Samuel P. Dunn and others against James H. Travis, impleaded, etc. C. Berry, for appellants. S. M. Morehouse, for respondents. No opinion. Order modified so as to require the appellants to print the judgment roll proper,—that is to say, such documents as constitute the judgment roll, according to the provisions of the Code,—and, as modified, affirmed, without costs. See 41 N. Y. Supp. 1114.

DUNN et al. v. WEHLE. (City Court of New York, General Term. April 28, 1897.) Action by Patrick Dunn and another against Charles Wehle. Charles Wehle, for appellants. John Whalen, for respondent.

PER CURIAM. The verdict for the plaintiffs is fully justified by the proofs as shown by the records, and these proofs were made, and the cause tried, in strict obedience to a former decision in this court, by our appellate authority. Dunn v. Wehle (Com. Pl.) 35 N. Y. Supp. 1093. Judgment and order affirmed, with costs.

DURYEA, WATTS & CO., Limited, Plaintiff, v. RAYNOR, Defendant. (City Court of New York, General Term. April 28, 1897.) Action by Duryea, Watts & Co., Limited, against Henry Raynor. L. B. Bunnell, for plaintiff. R. J. Mahon, for defendant.

PER CURIAM. Judgment and order affirmed, with costs. See 32 N. Y. Supp. 247.

EDSON v. BARTOW et al. (Supreme Court, Appellate Division, First Department. May 7, 1897.) Action by Mary B. Edson, individually, etc., against John A. Bartow and others. No opinion. Motion denied, with $10 costs. See 37 N. Y. Supp. 99, and 41 N. Y. Supp. 723.

EDSON v. BARTOW et al. (Supreme Court, Appellate Division, First Department. June 11,

1897.) Action by Margaret B. Edson against John A. Bartow and others. No opinion. Motion granted, any printing disbursements caused to the defendants by the amendment to be paid by plaintiff. See 37 N. Y. Supp. 99, and 41 N. Y. Supp. 723.

FEALEY, Respondent, v. WESTCHESTER ELECTRIC RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1897.) Action by Michael Fealey against the Westchester Electric Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

FIRTH, Respondent, v. REHFELDT. Appellant. (Supreme Court, Appellate Division, Second Department. June 15. 1897.) Action by Robert W. Firth against Catharine A. C. G. Rehfeldt. No opinion. Order affirmed, with $10 costs and disbursements.

In re FLEMING. (Supreme Court, Appellate Division, Second Department. June 15, 1897.) In the matter of the application of Lorenzo D. Fleming to be admitted to the bar. No opinion. The papers on this application should show that the applicant is a resident of the Second judicial department.

FLOETTL v. JONSON ENGINEERING CO. (Supreme Court, Appellate Division, First Department. July 2, 1897.) Action by John Floettl against Jonson Engineering Company. No opinion. Motion denied, with $10 costs. See 45 N. Y. Supp. 980.

FOSTER, Respondent, v. STANDARD NAT. BANK, Appellant. (City Court of New York, General Term. April 28, 1897.) Action by William H. Foster against the Standard National Bank. Philip Carpenter, for appellant. Joseph G. Gay, for respondent.

VAN WYCK, C. J. The complaint alleged that between certain dates the plaintiff, at the request of the defendant, furnished labor and performed services which were reasonably worth the sum of $364, and which sum the defendant promised and agreed to pay, and the answer denied that the labor and services were reasonably worth said sum, or that the defendant promised or agreed to pay said sum. The case was tried upon the theory that this pleading by the defendant admitted the quantity of the work. The plaintiff's proof was that the work was reasonably worth the sum sued for, and hence the value of the work was the issue to be tried, and both the quality and quantity of the work were at issue. At folio 49 the defendant's counsel asked the plaintiff, on cross-examination: "Q. How much time did you spend on that part of the work?" Objected to as immaterial, and sustained by the court saying to the defendant's attorney: "You admit the quantity of the work, and at folio 64 a like question by the defendant's counsel was excluded, as quantity of work is admitted by the answer." Other like questions on cross-examination of the plaintiff and his witnesses were not allowed, on the mistaken theory that the quantity of the work was admitted by the

answer. Judgment and order denying new trial reversed, and new trial granted, with costs to the appellant to abide the event.

FOSTER, Respondent, v. STANDARD NAT. BANK, Appellant. (City Court of New York, General Term. April 28, 1897.) Action by William H. Foster against the Standard National Bank. Philip Carpenter, for appellant. Joseph G. Gay, for respondent.

PER CURIAM. Orders denying motions to resettle case and to resettle order affirmed, with $10 costs. For decision on appeal from order, see supra.

FREND, Respondent, v. RIDENOUR, Appellant. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by John Frend against John H. Ridenour. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulates to reduce recovery of damages to $1,000, and extra allowance proportionately, in which case the judgment as reduced and order are unanimously affirmed, with costs.

FRIENDSHIP MANUF'G CO., Respondent, v. ROHRIG, Appellant. FOOTE v. SAME. (Supreme Court, Appellate Division, First Department. April 23, 1897.) Actions by the Friendship Manufacturing Company against William F. Rohrig and by Henry W. Foote against the same defendant. Simon Sultan, for appellant. Sidney H. Stuart, for respondents.

PATTERSON, J. These appeals are from judgments in favor of the plaintiffs entered in two actions upon the reports of a referee. The actions were brought to foreclose mechanics' liens on real estate situated in the city of New York, and belonging to the defendant, and were tried together. The plaintiffs were subcontractors for furnishing material used in the construction of six houses upon the defendant's land. The principal contractor was the McElwee Manufacturing Company. That company entered into a contract with the defendant by which it agreed to furnish a large quantity of woodwork for the agreed sum of $11,500, to be paid in installments, the last of which was to be paid when all the materials necessary fully to complete the contract were delivered to the defendant. Large quantities of material were manufactured and delivered under the McElwee contract up to the month of November, 1891, and much of it was furnished by the plaintiffs in the two present actions. About the 30th of November, 1891, the McElwee Company failed in business, and thereafter did nothing towards the performance of the contract with the defendant, but left a large portion of the material required under the contract still unfurnished and undelivered. There was a provision in the contract to the effect that, if the company failed to deliver material to the buildings as fast as required, the defendant, after giving three days' notice in writing, stating the kind and quantity of material required, should have the privilege of buying the same in the market, and char-